UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSICA SALINAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:17-cv-01755-WWE |
| | : | |
| HDI-GERLING AMERICA | : | |
| INSURANCE CO. and | : | |
| ENERGI INSURANCE SERVICES, INC., | : | |
|     Defendants. | : | |

## **MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Jessica Salinas brings claims of breach of contract, breach of implied covenant of good faith and fair dealing, violation of the Connecticut Unfair Insurance Practices Act, and violation of the Connecticut Unfair Trade Practices Act against defendants HDI-Gerling America Insurance Co. and Energi Insurance Services, Inc. This action stems from an underlying personal injury suit by plaintiff against defendants' insured, who allegedly crashed his work truck into plaintiff's vehicle causing serious injury. Plaintiff asserts that she is subrogated to all of the insured's rights against defendants, his insurers, by virtue of a stipulated judgment that was entered in the underlying action.

Defendants have moved to dismiss for lack of standing and failure to state a claim. For the following reasons, defendants' motion will be granted.

## **BACKGROUND**

Plaintiff suffered serious injury when her vehicle was struck by a utility truck operated by Alliance Power Group LLC employee Eric McLeod. Plaintiff commenced suit in the underlying action, where defendants allegedly refused to provide insurance coverage, arguing McLeod was not acting within the scope of his employment at the

1

time of the collision. Plaintiff asserts that McLeod agreed to assign his interests to pursue a bad faith claim against the insurance companies on the basis that the carriers should have agreed to indemnify McLeod for any damages arising out of the accident.

## DISCUSSION

At the outset, defendants argue that plaintiff lacks standing to pursue her derivative claims for failure to establish the prerequisite underlying final judgment. Conn. Gen. Stat. § 38a-321 provides in relevant part:

> Upon the recovery of a final judgment . . . for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.

Defendants contend that the "stipulation of judgment" filed by McLeod in the underlying action was denied by the Hon. James Bentivegna on September 18, 2017, [Underlying Action Docket Entry No. 125.10], so no judgment has entered against McLeod in favor of plaintiff in the underlying action.

Plaintiff responds, without support, that the stipulated judgment "is sufficient to amount to standing" despite that the judgment was not ultimately entered by the Superior Court. Plaintiff argues that stipulated judgments are generally conclusive and binding. However, the Court is not persuaded that a stipulated judgment denied by the Connecticut Superior Court should have the same effect as a judgment accepted and entered by a court.

Plaintiff next argues that the stipulated judgment was "erroneously withdrawn as it was without the consent of the contracting party, McLeod." This Court will not second

guess the propriety of the Superior Court's order denying the judgment or allowing withdrawal of the stipulation.

Third, plaintiff argues that her claims are not purely derivative because she also alleges direct injury. Plaintiff's direct injury is alleged to be that "plaintiff had a binding contract with [McLeod] in the Underlying Action (in the form of the stipulated judgment), which the plaintiff contends was breached without proper consent from McLeod." Plaintiff asserts that defendants improperly interfered with that contractual agreement, which directly harmed plaintiff. Nevertheless, plaintiff has not alleged a tort cause of action based on interference with contractual relations. As discussed above, she cannot circumvent the Connecticut direct action statute's final judgment requirement by collaterally attacking the Superior Court's decision to deny favorable judgment. Plaintiff's argument that a favorable final judgment would have issued but for improper interference by defendants is unavailing.

Finally, plaintiff argues that she is in privity with defendants based upon the assignment of rights arising out of the stipulated judgment. Once again, this Court will not recognize a stipulation that was withdrawn or a motion for judgment that was denied by the presiding court. Here, plaintiff filed a motion for judgment based upon the stipulation that was subsequently withdrawn. The Superior Court denied that motion, so there was no assignment of rights that established privity with defendants. Defendants' motion to dismiss will be granted.

3

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk is instructed to close this case.

Dated this 7th day June, 2018, at Bridgeport, Connecticut.

                                          /s/Warren W. Eginton
                                       WARREN W. EGINTON
                                       SENIOR UNITED STATES DISTRICT JUDGE